IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALFRED RAY CARTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-04-883-T |
| | ) |
| **DR. JEFF TROUTT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Alfred Carter, a state prisoner appearing pro se, has brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights through their deliberate indifference to his serious medical needs [Doc. No. 1, page 3]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A Special Report has been filed by the Oklahoma Department of Corrections ("DOC") [Doc. No. 20] in accordance with this court's order and *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Defendants, Dr. Jeff Trout, Dennis Cotner, Katryna Frech and Eric Franklin, have moved for dismissal or, alternatively, for summary judgment [Doc. No. 19]. By their motion, Defendants allege that Plaintiff failed to exhaust his administrative remedies before filing his complaint and further contend that Plaintiff has failed to show deliberate indifference to his medical needs.

**Plaintiff's Complaint**

Through Count I of his complaint, Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment in that Defendant Trout declined to prescribe Lortab for Plaintiff's pain

control [Doc. No. 1, page 3 and Additional Page]. Plaintiff continues this same complaint in Count II, claiming that Defendants Trout and Frech, the health administrator, were deliberately indifferent to Plaintiff's medical needs by denying his repeated requests for the pain control medication which had been previously prescribed for him by another physician. *Id.* Additionally, Plaintiff alleges that these same two defendants were deliberately indifferent to his medical needs by their refusal to send Plaintiff to a specialist. *Id.*

For the reasons which follow, because Plaintiff has adequately exhausted his administrative remedies with respect to Defendants' refusal to prescribe Lortab but has failed to exhaust his administrative remedies regarding referral to a specialist, Plaintiff's complaint is a mixed complaint, that is, a complaint which includes both exhausted and unexhausted claims. *See Ross v. County of Bernalillo,* 365 F.3d 1181, 1190 (10th Cir. 2004). Accordingly, the undersigned recommends that the entire complaint be dismissed without prejudice or, alternatively, that the court allow Plaintiff "an opportunity to voluntarily dismiss his unexhausted claim[ ] and proceed with his exhausted claim[ ]." *See Dawson v. Taylor,* No. 04-1183, 2005 WL 776163, at *1 (10th Cir. Apr. 7, 2005).[1]

**Failure to Exhaust Administrative Remedies**

The initial proposition of Defendants' motion is grounded upon the Prison Litigation Reform Act of 1995 ("PLRA") which requires that a prisoner first exhaust all available administrative remedies before resorting to a §1983 action in federal court. Specifically, 42 U.S.C. § 1997e (a) provides:

---

[1]This and any other unpublished dispositions referenced herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found this Congressional mandate to be clear and unambiguous : exhaustion is <u>required</u>. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective." (quotation omitted)). In order to comply with this standard, a prisoner is required to "(1) plead his claims with a 'short and plain statement ... showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000)).

To this end, Plaintiff recited in his complaint that he had "filed a Request to Staff to Dr. Troutt [he did not answer], I have filed a Grievance to Katryna Frech [Health Administrator], she DENIED me any medical help, and I filed a Grievance to Dennis Cotner [the DOC Medical Service Administrator], and he too, DENIED me any medical help." [Doc. No. 1, page 5]. Plaintiff further stated that "[a]ll these documents will be presented at the request of this court." *Id.*

In moving for dismissal of Plaintiff's complaint for failure to exhaust administrative remedies, Defendants, while not admitting the fact, do not specifically challenge Plaintiff's exhaustion of his administrative remedies regarding his request for

3

Lortab.[2]  Defendants describe the process undertaken by Plaintiff as follows:

> Regarding the issue of Lortab prescriptions, Plaintiff submitted Requests to Staff on February 19th and 23rd, 2004, requesting a prescription for Lortab. Special Report Attachment 6 at 1 & 3.  Both requests were answered on February 23, 2004, stating that he should submit Requests for Medical Services.  Special Report Attachment 6 at 1.  On March 2, 2004, Plaintiff submitted grievance #04-32 in reference to his request for Lortabs.  The grievance was answered by Warden Franklin and Roy Arian stating that Lortab was not the appropriate medication for his treatment and that Plaintiff had not picked up the "Keep on Person Medication" or the "Pill Line Medications" prescribed. Special Report Attachment 7 at 7.  Warden Franklin denied the grievance because there had been no deliberate indifference and Plaintiff had missed three medical appointments to evaluate his conditions and concerns.  Special Report Attachment 7 at 6.  On May 27, 2004, Dennis Cotner denied Plaintiff's grievance #04-32 because investigation showed that Dr. Trout did not prescribe Lortab for the Plaintiff.[3]  Special Report Attachment 7 at 1.

[Doc. No. 19, pages 15 - 16].

The DOC grievance procedure, OP-090124, *see* Inmate/Offender Grievance Process, OP-090124 [Doc. No. 19, Exhibit 1], requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee or other appropriate staff.  *Id.* at IV(A).  If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but specifically describing his complaint.  *Id.* at IV(B).  Should the informal attempts at resolution fail, the inmate's next step is submission of a "Inmate/Offender Grievance Report Form."  *Id.* at V(A).  An unfavorable

---

[2] Stopping short of overtly acknowledging that Plaintiff exhausted his remedies with respect to the Lortab issue, Defendants argue that "[a]ssuming Plaintiff may have completed the steps regarding a prescription for Lortabs, he has failed to fulfill the 'total exhaustion' requirement and the presence of other unexhausted claims in his complaint requires that the entire action be dismissed. " [Doc. No.19, Motion to Dismiss/Motion for Summary Judgment and Brief in Support on Behalf of Defendants Dr. Jeff Trout, Dennis Cotner, Katryna Frech, and Eric Franklin, page 17].

[3] Dennis Cotner's denial of Plaintiff's grievance appeal actually stated: "According to your record, Dr. Troutt prescribed two medications to minimize your discomfort.  However, he did not prescribe Lortab as you requested." [Doc. No. 20, Special Report, Attachment 7, page 1].

response to the grievance may then be appealed to the administrative review authority or chief medical officer, as appropriate. *Id.* at VII. The ultimate ruling of the administrative review authority or chief medical officer concludes the administrative process available to an inmate through the Oklahoma Department of Corrections. *Id.* at VII(D). Here, the prison accepted Plaintiff's grievance and treated it on its merits, *see generally Ross,* 365 F.3d at 1186, and Plaintiff subsequently received an ultimate ruling from the Medical Services Administrator, thereby completing the available administrative process with respect to Plaintiff's request for Lortab.

Nonetheless, Plaintiff has failed to establish that he has exhausted his administrative remedies regarding his request to be referred to a specialist, the subject of Count II of the complaint [Doc. No. 1, page 3 and Additional Page]. Plaintiff's response in opposition to Defendants' dismissal/summary judgment motion [Doc. No. 29, Plaintiff's Response, page 19] states that Defendants denied his request to be seen by a specialist and refers the court to Exhibit K in a separately filed group of exhibits [Doc. No. 32]. Included in Exhibit K are three documents: a Request for Medical Services filed by Plaintiff on August 16, 2004, in which Plaintiff requests that he be seen by a specialist for his back problems; a similar Request for Medical Services filed on July 29, 2004 and, an Inmate/Offense Grievance Report Form stating that Plaintiff had submitted a Request to Staff on August 3, 2004, requesting referral to a specialist [Doc. No. 32, Exhibit K].

Defendants have advised the court that on August 3, 2004, Plaintiff submitted a Request to Staff requesting that he be sent to a specialist [Doc. No. 20, Attachment 6 at Page 14]. Plaintiff subsequently filed a grievance – the grievance which is a part of

5

Plaintiff's Exhibit K – which was answered by advising Plaintiff that "an outside specialty appointment will be initiated by a facility health care provider. . . [and that] [r]efusal to see the facility health care providers and follow recommendations does not qualify you for an MRI." *Id.*, at Attachment 10, page 1].

Not only did the filing of this grievance post-date the filing of this litigation,[4] but there is no evidence that Plaintiff appealed the denial of the grievance pursuant to OP-090124, VII [Doc. No. 19, pages 16 - 17]. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Plaintiff has failed to establish that he fully exhausted his administrative remedies regarding referral to a specialist and, accordingly, it is recommended that Plaintiff's complaint be dismissed, without prejudice to refiling, for failure to exhaust all claims in his complaint or, alternatively, that Plaintiff be given the chance to voluntarily dismiss his unexhausted claim and to proceed with the claim which he has fully exhausted. *Dawson,* 2005 WL 776163, at *1.

### **RECOMMENDATION**

It is recommended that Defendants' motion [Doc. No. 19] be granted and Plaintiff's complaint be dismissed or, alternatively, that Plaintiff be granted the opportunity to voluntarily dismiss his unexhausted claim and to proceed with the claim which he has

---

[4]*See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (a), requires that 'available' administrative remedies be exhausted <u>prior</u> to filing an action with respect to prison conditions under § 1983.") (emphasis added).

6

fully exhausted.  Consequently, it is further recommended that Plaintiff's motion for appointment of counsel [Doc. No. 31] be denied as moot.  Plaintiff is advised of his right to object to this Report and Recommendation on or before the 25th day of May, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Any objections should be filed with the Clerk of this Court.  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 5th day of May, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE