## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFRED RAY CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-883-T |
| ) | |
| DR. JEFF TROUT, *et al*., ) | |
| ) | |
| Defendants. ) | |

### <u>ORDER</u>

On July 15, 2004, Plaintiff filed his civil rights complaint against Defendants seeking relief under 42 U.S.C. §1983.  In general, Plaintiff argued Defendants violated his constitutional rights through what Plaintiff terms their deliberate indifference to his serious medical needs.  On July 20, 2004, the matter was referred to United States Magistrate Judge Bana Roberts.  On October 29, 2004, the Oklahoma Department of Corrections filed a "Special Report."  See <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).  On October 19, 2004, Defendants Trout, Cotner, Frech and Franklin filed a motion seeking dismissal under Fed.R.Civ.P. 12(b) or summary judgment pursuant to Fed.R.Civ.P. 56. On May 5, 2005, Judge Roberts issued a Report and Recommendation in which she recommended Plaintiff's civil rights complaint be dismissed because Plaintiff failed to exhaust his administrative remedies with respect to one

of his claims prior to filing suit.[1]  Alternatively, Judge Roberts recommended that Plaintiff be granted the opportunity to dismiss his unexhausted claim and proceed on the merits of his exhausted claim.

On May 25, 2005, Plaintiff filed a response to the Report and Recommendation.  In his response, Plaintiff stated that he wished to proceed under Judge Roberts' alternative recommendation.  Specifically, Plaintiff stated that he wished to dismiss without prejudice his unexhausted claim and "proceed with the claim which he as fully exhausted."  Also on May 25, 2005, Defendants filed an objection to the Report and Recommendation.   In their objection, Defendants objected to Judge Roberts' alternative recommendation claiming the alternative course of action was barred by Tenth Circuit precedent.  The matter is at issue.

While an initial reading of the case relied on by Defendants in their objection suggests that Judge Roberts' alternative recommendation might not be proper, Ross v. County of Bernalillo, 365 F.3d 1181, 1188-90 (10th Cir. 2004), it appears that the Circuit Court has actually sanctioned such an alternative recommendation on more than one occasion.  See Alloway v. Booher, 2005 WL 852714 (10th Cir. 2005) ("In the alternative, the district court may allow [the petitioner] to voluntarily dismiss any unexhausted claims and to proceed with any exhausted claims.") (unpublished disposition); West v. Kolar, 108 Fed.Appx. 568, 2004 WL 1834634 at *2 (10th Cir. 2004) (same).

Accordingly, the Court overrules Defendants' objection to the Report and Recommendation (Doc. No. 46); GRANTS Plaintiff's motion to dismiss his unexhausted claims (Doc. No. 43); adopts the alternative recommendation contained in the Report and Recommendation (Doc. No. 42, pp. 6-7); and,

---

[1] Judge Roberts found that Plaintiff exhausted his administrative remedies with respect to his complaint that he was not prescribed Lortab for pain control.  Judge Roberts found that Plaintiff had not exhausted his administrative remedies with respect to his request that he be referred to a medical specialist.

GRANTS IN PART and DENIES in part Defendant's October 29, 2004, motion (Doc. No. 19). This matter is again referred to United State Magistrate Judge Bana Roberts for all proceedings, consistent with the Court's July 20, 2004, order.

      IT IS SO ORDERED this 27th day of May, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE